# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. _____ |
| | : : | |
| SUCCESSFUL AGING CARE NET INC. d/b/a SUCCESSFUL AGING HOME HEALTH and INNOCENT ONWUBIKO, | : : : : | |
| Defendants. | : : | |

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Successful Aging Care Net Inc. d/b/a Successful Aging Home Health, a Pennsylvania corporation, and Innocent Onwubiko, individually, and as president and owner of the aforementioned corporation (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1.    Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2.    Defendant Successful Aging Care Net Inc. d/b/a Successful Aging Home Health ("Successful Aging") is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 48 Garrett Road, Upper Darby, PA 19082 in Delaware

County, within the jurisdiction of this Court.  Successful Aging is engaged in a home health care business with a main place of business at 46 Garrett Road, Upper Darby, PA 19082, and with additional secondary offices in Philadelphia, PA, within the jurisdiction of this Court.

3.      Defendant Innocent Onwubiko is the owner, president and registered agent of Successful Aging. Innocent Onwubiko has directed employment practices and has directly or indirectly acted in the interest of Successful Aging in relation to its employees at all relevant times herein, including hiring, firing, supervising, recruiting, and setting the conditions of employment for the home health aides and office staff employees.

4.      The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5.      Defendants employ persons in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act.  Defendants' employees provide in-home healthcare services to Successful Aging's clients.  The enterprise has had an annual gross volume of sales made or business done in an amount less than $500,000.00.  Therefore, the employees of Defendants are employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act.

6.      Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal

amount of liquidated damages under Section 16(c) of the Act.

7.      For example, during the time period from at least June 18, 2016, through at least

March 22, 2020,  Defendants failed to compensate certain of their employees employed as home

health aides, office staff employees, and nurses, who worked over 40 hours in a workweek, at

rates not less than one and one-half times their regular rate for those hours in excess of forty.

These employees worked at least one hour in excess of forty per workweek, and many

employees worked between approximately 2 and 16 overtime hours total per workweek on

average, with some working as many as 23 to 30 overtime hours.  Defendants misclassified some

of the home health aides as independent contractors. Other home health aides and office

employees were classified as employees.  Yet, regardless of classification, Defendants only paid

these employees their straight-time hourly rates for all hours worked, and did not pay the

required one and one-half premium rate for overtime hours worked.

8.      Further, during the time period from at least June 18, 2016, through at least March

22, 2020, Defendants failed to compensate home health aides for time spent traveling from the

place of performance of one principal activity to the place of performance of another principle

activity, which was performed over the forty hours worked in a workweek. Specifically, certain

home health aides spent time traveling between homes of Successful Aging's clients during their

regular working hours.  However, Defendants did not compensate the home health aides for such

travel time, and that travel time often occurred in overtime workweeks.  Thus, Defendants did

not pay these employees the required one and one-half premium rate for overtime hours worked.

9.      Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in

that Defendants failed to make, keep, and preserve adequate and accurate records of their

employees, as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

10.     For example, Defendants failed to keep and preserve accurate payroll records for employees for at least three years.  Specifically, Defendants failed to keep accurate records of employees' weekly overtime premium pay due to their practice of paying employees straight time hourly rates for all hours worked.  Defendants also failed to keep accurate records of all hours worked by and amounts due to employees who spent time traveling between clients' homes.  Additionally, Defendants did not make and keep records of hours worked by the office staff employees.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least June 18, 2016, through at least March 22, 2020, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after March 22, 2020, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)      In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

_____
Bertha M. Astorga
Attorney (PA ID# 320644)

U.S. Department of Labor
Office of the Regional Solicitor
170 S. Independence Mall West
Suite 630E, The Curtis Center
Philadelphia, PA 19106
(215) 861-5126 (Phone)
(240) 531-6712 (Fax)
Astorga.bertha.m@dol.gov


U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff